UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LAMAR M. RICHARDSON, JR.                CIVIL ACTION

v.                                       NO. 06-1745

R. DAVID PAULISON, ACTING DIRECTOR       SECTION "F"
OF FEDERAL EMERGENCY MANAGEMENT
AGENCY, and AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA

ORDER AND REASONS

Before the Court are two motions: American Bankers' motion for summary judgment and Lamar Richardson's cross-motion for summary judgment. For the reasons that follow, American Bankers' motion is GRANTED and Richardson's cross-motion for summary judgment is DENIED as moot.

Background

Lamar Richardson purchased a flood insurance policy through American Bankers Insurance Company of Florida, a Write-Your-Own (WYO) Program carrier participating in the United States governments' National Flood Insurance Program (NFIP). Richardson's home was damaged by Hurricane Katrina. His property was flooded and, as a result, much of the grounds were covered with debris that consisted of sand, fallen tree branches, pieces of slate from the roof of the home, and broken glass. He filed a claim under his flood policy for damage to the home and for

1

debris removal, and American Bankers started the claims-adjusting process pursuant to the federal regulations governing NFIP policies. The adjuster determined that Richardson was owed $16,125.50 under the policy, and this amount was paid in December 2005.

Richardson disagreed with the adjuster's interpretation of the policy for debris-removal coverage and his estimate for debris removal.[1] Although Richardson submitted his estimates for debris removal to the adjuster on November 16, 2005, and faxed a second request for an additional payment for debris removal on November 30, Richardson never submitted a proof of loss in the correct format that is required by the federal regulations governing the NFIP.

American Bankers now moves for summary judgment, arguing that because Richardson failed to comply with the legal obligations imposed on him as a condition precedent to asking a federal court to entertain his claim for additional federal dollars under his NFIP policy, he is barred from recovery as a

---

[1] Richardson only insured the building he owned on the property, and the policy did not cover the land surrounding the home. The policy had a provision to remove "non-owned debris on or in insured property and owned debris anywhere." The adjuster interpreted the policy not to cover removal of debris anywhere but inside of the home, and estimated debris removal from the home to cost $4400. This amount was included in the amount paid by the insurer in December 2005. Richardson disagrees with this interpretation, and solicited his own estimate for debris removal for the building and the yard totaling $17,300.

matter of law.  Richardson opposes summary judgment and makes three arguments:  first, American Bankers repudiated the flood policy contract by refusing to pay his claim; second, he had an agreement with opposing counsel that American Bankers would waive FEMA's proof-of-loss requirement; and third, his complaint satisfies FEMA's proof-of-loss requirement.  Richardson further moves for summary judgment against American Bankers, stating that the plain language of the policy entitles him to additional payment for debris removal.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Congress created the NFIP. It is administered by FEMA and the Federal Insurance Administration and underwritten by the United States Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds, regardless of whether the policy was issued by the government directly or by a WYO program carrier. See 44 C.F.R. Pt. 62, App. A., Art.

4

III(D)(1); see also Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998).  As a matter of law, American Bankers, or any WYO Program carrier, may not alter, amend, or waive any provision or condition of NFIP policies.  The sole authority is the federal insurance administrator and the waiver must be express and in writing.  See 44 C.F.R. Pt. 61, App. A(1), Art. IX(d); 44 C.F.R. Pt. 61.13(d).  Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of a claim is constitutionally required.  Gowland, 143 F.3d at 953.

The NFIP requires the insured to submit proof of loss to be paid under the flood policy for damage.[2]  Federal regulations

---

[2] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) defines proof of loss:
"Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
    a.  The date and time of loss;
    b.  A brief explanation of how the loss happened;
    c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
    d.  Details of any other insurance that may cover the loss;
    e.  Changes in title or occupancy of the covered property during the term of the policy;
    f.  Specifications of damaged buildings and detailed repair estimates;
    g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
    h.  Details about who occupied any insured building at the time of the loss and for what purpose; and
    i.  The inventory of damaged personal property described in J.3. above."

require that proof of loss be submitted within sixty days. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). But on August 31, 2005, David Maurstad, the Acting Federal Insurance Administrator, issued a written order waiving the proof-of-loss requirement for those who do not contest adjusters' estimates of damage and extending the proof-of-loss requirement deadline for those policyholders who disagree with the insurer's adjustment, settlement, or payment of the claim to one year of the date of loss. Because Richardson is in the latter category of policyholders, he had one year from the date of his loss, August 29, 2005, to submit a proof of loss under the flood policy. The record does not reflect any proof of loss submitted by Richardson that would satisfy the federal regulations of the NFIP.[3] Although Richardson provided written notice of the loss, his written "notice" falls far short of the formal proof-of-loss statement clearly mandated by federal regulations. This Court follows the Fifth Circuit on this subject:

---

[3] Richardson argues that his complaint satisfies the requirements for proof of loss and was made timely when his complaint was filed on April 3, 2006. But his complaint is neither sworn nor provides all of the information required by 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). Therefore, the complaint cannot be considered as proof of loss submitted for a claim under the policy.
    Richardson also contends that he reached an agreement with defense counsel that American Bankers would not enforce FEMA's proof-of-loss requirement, and he contends that this agreement was reduced to writing. But the writing he submitted as proof does not mention the proof-of-loss requirement at all, and is, in fact, a letter of agreement discussing his voluntary dismissal of extra-contractual claims.

>  Although the notice of loss provided by [the plaintiff] gave some of the information required by the formal proof of loss statement, it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy. ... As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

Gowland, 143 F.3d at 954.[4]

This Court finds that Richardson's claims for additional payments for debris removal under the NFIP policy are barred as a matter of law.[5]  Accordingly, American Bankers' motion for

---

[4]  American Banker denied Richardson's claim for debris removal on February 22, 2006 and again on February 28.  Although Richardson filed his lawsuit within the one-year time limit, his lawsuit may be premature because he did not comply with all of the conditions precedent to filing a lawsuit against the NFIP insurer or WYO carrier.  44 C.F.R. Pt. 61, App. A(1), Art. VII(R) states:

>  You may not sue [the insurer] to recover money under this policy unless you have complied with all the requirements of the policy.  If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss.

[5]  Richardson's last argument opposing American Bankers' summary judgment motion is that American Bankers repudiated the policy when it denied the claim for debris removal.  This argument is without merit.  The United States Supreme Court distinguished denial of a claim from repudiation of coverage in New York Life Insurance Co. v. Viglas, 297 U.S. 672 (1936).  Richardson erroneously interprets Studio Frames, Ltd. v. Standard Fire Insurance Co., 369 F.3d 376 (4th Cir. 2004).  In Studio Frames, the WYO carrier repudiated the entire policy because the would-be

summary judgment is GRANTED and Lamar Richardson's cross-motion for summary judgment is DENIED as moot.

New Orleans, Louisiana, February 28, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

insurer did not own the building that it tried to insure and the insurer refunded the premiums paid.  In this case, the WYO carrier merely denied a single claim, but did not attempt to void the entire contract nor return premiums paid.  Accord Mathews v. Farmers Ins. Co. of Oregon, 2005 WL 1565261, at *5-6 (D. Or. June 27, 2005).

Because American Bankers' motion for summary judgment is granted, no need exists to interpret the coverage language in the NFIP policy, which is Richardson's argument made in his cross-motion for summary judgment.